JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------X

MARK HENNING, ROMAN ZARETSKI,
AND CHRISTIAN STILLMARK,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

          Plaintiffs,

        vs.

ORIENT PAPER, INC.; ZHENYONG LIU;
WINSTON C. YEN; DAHONG ZHOU;
JING HAO;  DREW BERNSTEIN; DAVIS
ACCOUNTING GROUP, P.C., and EDWIN
REECE DAVIS

          Defendants.

-------------------------------------------------X

No. CV 10-5887-R (AJWx)

<u>CLASS ACTION</u>

ORDER AND FINAL
JUDGMENT

Hon. Manuel L. Real

0

On the 1st day of April, 2013, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated October 3, 2012 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Class against (ii) defendants Orient Paper, Inc. ("ONP"), Zhenyong Liu, Winston C. Yen, Dahong Zhou, Jing Hao, Drew Bernstein (collectively, the "Orient Paper Defendants"), and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Class Members and the Defendants.

3.      The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in

that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class he seek to represents; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.  The Class is being certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Class all persons or entities who purchased the publicly-traded common stock of Orient Paper, Inc from March 27, 2009 through August 13, 2010, and who were damaged thereby.  Excluded from the Class are:

      a.     Defendants, and the members of their immediate families and Defendants' heirs,  successors and assigns, any entity in which any Defendant has or had a controlling interest, and Orient Paper, Inc's predecessors;

      b.     Present and former officers and/or directors of Orient Paper;

      c.     Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are certified as the class representatives and the Lead Plaintiffs' Counsel

previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6.      The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiffs and the Orient Paper Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Litigation and the Complaint are hereby dismissed with prejudice and without costs.

9.     Lead Plaintiffs and the Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims.  Lead Plaintiffs and the Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Orient Paper Defendants.

10.     Each of the Orient Paper Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Orient Paper Defendants' Claims against the Lead Plaintiffs, any of the Class Members and any of their counsel, including Lead Counsel for the Class and any counsel working under Lead Counsel's direction.

11.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

12.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against the Orient Paper Defendants (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiffs or the Class, are hereby permanently barred and discharged.  Any such claims brought by the Orient Paper Defendants against any Person or entity (other than Persons or entities whose liability to Lead Plaintiffs or the Class is extinguished by this Judgment) are likewise permanently barred and discharged.  Further, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Orient Paper Defendant.

4

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)     referred to or used against the Orient Paper Defendants or against the Lead Plaintiffs or the Class as evidence of wrongdoing by anyone;

(b)     construed against the Orient Paper Defendants or against the Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)     construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)     used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Orient Paper Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15.     Exclusive jurisdiction is hereby retained over the Orient Paper Defendants and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any

application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

16.     Without further order of the Court, the Orient Paper Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses.

19.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.5-7., M.10-11., and M.13 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

**IT IS SO ORDERED.**

Dated: April 29, 2013

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

6